IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
LITTLE ROCK DIVISION

CLIFTON BLAKE THOMAS                                                                                    PLAINTIFF
ADC #653527

V.                                              NO: 4:08CV00025 WRW/HDY

DON WEBB *et al.*                                                                                       DEFENDANTS

## PROPOSED FINDINGS AND RECOMMENDATIONS

### INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge William R. Wilson, Jr. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than eleven (11) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1. Why the record made before the Magistrate Judge is inadequate.
2. Why the evidence proffered at the hearing before the District Judge (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

     3.     The detail of any testimony desired to be introduced at the hearing before the District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A149
> Little Rock, AR 72201-3325

## DISPOSITION

Plaintiff, a resident at the Central Arkansas Community Punishment Center ("Center"), filed a *pro se* complaint (docket entry #1), pursuant to 42 U.S.C. § 1983, on January 11, 2008. Now pending is a motion for summary judgment (docket entry #17), along with a brief in support (docket entry #18), and statement of facts (docket entry #19), filed by Defendants Don Webb, Rick Heart, and Elizabeth Hooker. Despite being granted additional time to file a response (docket entry #20), Plaintiff has not responded to the motion.

### I. Standard of review

Summary judgment is only appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The Court must view the facts, and inferences to be drawn from those facts, in the light most favorable to the

nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). A moving party is entitled to summary judgment if the nonmoving party has failed to make a showing sufficient to establish the existence of an element essential to that party's case. *Celotex*, 477 U.S. at 322-23. The Eighth Circuit has held that "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Dulany v. Carnahan*, 132 F.3d 1234, 1237 (8th Cir. 1997) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)).

## II.  Analysis

According to Plaintiff's complaint, Defendants have denied him medical treatment for his mental illness.  Plaintiff alleges that, as a result, he has been unable to control his behavior, and is having disciplinary problems at the Center.  Because Plaintiff failed to exhaust his administrative remedies, the motion for summary judgment filed by Defendants Webb, Heart, and Hooker, should be granted.  Additionally, because Plaintiff has not specifically identified any Doe Defendants, his entire complaint should be dismissed without prejudice.

Lack of exhaustion is an affirmative defense, which must be proved by defendants, and need not be pleaded by the plaintiff.  *Nerness v. Johnson*, 401 F.3d 874, 876 (8th Cir.2005)(per curiam). The Prison Litigation Reform Act ("PLRA") "requires a prisoner to exhaust 'such administrative remedies as are available before suing over prison conditions." *Booth v. Churner*, 532 U.S. 731, 733-34 (2001).  The Eighth Circuit has reaffirmed that the exhaustion process must be fully completed prior to filing suit, and, if not, dismissal of the complaint is "mandatory."  *Johnson v. Jones*, 340 F.3d 624, 628 (8th Cir. 2003).

According to a declaration from Lana Hoggard, the officer responsible for reviewing residents' grievances, Plaintiff did not exhaust, or even file, the grievances he attached to his

3

complaint (docket entry #17, exhibit B). In their statement of facts, Webb, Heart, and Hooker, further assert that Plaintiff failed to file any grievances regarding the issues in his complaint. The statements of fact filed by Webb, Heart, and Hooker, regarding Plaintiff's failure to exhaust are uncontradicted. Accordingly, Plaintiff has failed to exhaust his administrative remedies, and his complaint should be dismissed.

In addition to Webb, Heart, and Hooker, Plaintiff has named certain Does, or the facility itself, as Defendants. However, Plaintiff has failed to provide any specific information as to any other individuals whom he claims violated his constitutional rights. To the extent that Plaintiff is attempting to sue the Center itself, the Court notes that a facility is not subject to suit. *See Owens v. Scott County Jail*, 328 F.3d 1026, 1027 (8th Cir. 2003) (a jail is not a person or entity subject to suit under § 1983). Thus, Plaintiff's entire complaint should be dismissed without prejudice.

### III. Conclusion

IT IS THEREFORE RECOMMENDED THAT:

1. The motion for summary judgment filed by Defendants Don Webb, Rick Heart, and Elizabeth Hooker (docket entry #17), be GRANTED, and Plaintiff's complaint be DISMISSED WITH OUT PREJUDICE.

2. The Court certify, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from this order or any judgment entered hereunder, would not be taken in good faith.

DATED this ___1___ day of May, 2008.

_____
UNITED STATES MAGISTRATE JUDGE